**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DAVID KIVETT, | : | |
| *Plaintiff*, | : | Case No. 2:20-00664-JDW |
| | : | |
| v. | : | |
| | : | |
| NEOLPHARMA, INC., *et al.*, | : | |
| | : | |
| *Defendants.* | : | |

## <u>MEMORANDUM</u>

Open, public courts stand as a pillar of American democracy, to which motions to seal stand in derogation. Yet all too often, parties pay little attention to a motion to seal that accompanies a complicated filing. Instead, the sealing motion includes only generalized recitations of the factors that a court must consider before placing material under seal. Given the important public interest at stake, courts should not permit parties to yada, yada, yada their way to a showing of injury. Instead, they must require the party filing under seal to provide a specific, detailed description of the way that disclosure of the information at issue would cause harm.  Many parties could make such a showing. Few do.

Defendants' motion to seal exhibits is of the yada, yada, yada variety. It asserts that Defendants' competitors could use information in certain exhibits to their summary judgment motion to compete unfairly, but it says nothing about how they could use that information. The Court requires more before it can place material under seal. It will therefore deny Defendants' motion.

## I.     BACKGROUND

David Kivett claims in this case that Neolpharma Inc. engaged Mr. Kivett to find business leads, including both manufacturing and sales opportunities. Mr. Kivett claims that he found such leads, but that Neolpharma and two corporate affiliates (collectively, "Neolharma") have not paid him commissions that it owes him.

On March 26, 2021, Neolpharma filed a summary judgment motion. It also filed a motion for leave to file under seal Exhibits E, G, and H to its summary judgment motion. Exhibit E is an internal Neolpharma memorandum dated October 7, 2019, that discusses Neolpharma's plan to decommission all projects related to a particular project. Neolpharma designated it "Highly Confidential—Attorney's Eyes Only" in discovery. Exhibits G and H are an interim and final distribution agreement between Neolpharma and Lanett Co., Inc. Neolpharma designated the agreements "Highly Confidential—Attorney's Eyes Only" during discovery, and each agreement includes a confidentiality provision.

## II.   ANALYSIS

The common law presumes that the public has a right of access to judicial materials. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome the common law presumption a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* Under Third Circuit law, a party seeking to file material under seal must make a specific showing. "Broad allegations of harm, bereft of specific examples or articulated reasoning, are

2

insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). In addition, to mind the public's right of access, parties seeking to file material under seal should distinguish between portions of a document containing protectible information and portions of a document that do not. Where possible, they should propose redactions, rather than placing a whole document under seal.

As the Court recently noted, this "arduous standard reflects the importance of the public's right to access public records, including those that are part of judicial proceedings." *Midwest Athletics and Sports Alliance LLC v. Ricoh USA, Inc.*, Case no. 2:19-cv-00514-JDW, 2021 WL 915721, at *1 (E.D. Pa. Mar. 10, 2021). The need for public access of judicial records is not a benefit to the parties, and the parties cannot stipulate it away. At the same time, because the parties have no independent incentive to protect the right of public access, the Court cannot rely on an adversarial system to vindicate the public's right of access. Instead, similar to questions about subject matter jurisdiction, courts have an independent obligation to ensure that parties make the required showing before material gets filed under seal.

Defendants have not carried their heavy burden. Defendants have not shown that Exhibit E contains the type of information that courts will protect. Not every internal document contains such information. Exhibit E says only that Neolpharma discontinued its involvement with a product. Absent more, the Court has no basis to find that it is the type of information that courts protect.

As for Exhibits G and H, they do appear to contain the type of information that courts protect: confidential pricing terms. Even for these documents, though, Defendants make no effort to parse the documents to identify which information courts

3

protect and which they do not. For example, while the term of an agreement and pricing information might be confidential, government reporting obligations, representations and warranties, and choice-of-law provisions might not be. The mere fact that the contract includes a confidentiality provision, or that lawyers designate a document "Confidential" or "Highly Confidential" in discovery does not mean that the document contains the type of information that courts will protect. To hold otherwise would be to offer parties a loophole that could gut the public's right of access to judicial records.

Even assuming that Exhibits G and H contain information that the Court can protect, Defendants have not shown a clearly defined injury from their disclosure. In their Motion, they say that if information in the exhibits were made public, Defendants' competitors could "unfairly compete against Defendants in the marketplace." (ECF No. 34 at 2.) But they never say how any competitor could use the information or describe any harm they might suffer. Their generalized assertion that disclosure could cause them competitive harm does not satisfy their heavy burden. They had to show more. While no single formula will satisfy this burden, the Court needs some detail about the harm that will result. For information that has commercial sensitivity, a party seeking to file it under seal must explain why the information is sensitive and what they expect competitors might do with the information if they had it. Defendants did not of that.

## III.  CONCLUSION

Motions to seal cannot be an afterthought that parties throw together as they wrap up a big filing. Any party seeking to file material under seal must pay careful

attention and make a specific, detailed showing about the harm that would result from disclosure. Defendants did not do that, so the Court will deny their motion. An appropriate Order follows.

BY THE COURT:

/s/ Joshua D. Wolson
HON. JOSHUA D. WOLSON
United States District Judge

March 31, 2021