# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID KIVETT, *Plaintiff*, v. NEOLPHARMA, INC., *et al.*, *Defendants.* | Case No. 2:20-00664-JDW |

## **MEMORANDUM**

The common law right of access judicial records is not absolute, but it is not easily overcome, either. For the second time, Neolpharma, Inc. and two corporate affiliates (collectively, "Neolpharma") try to overcome that right and have the Court seal two exhibits to the pending summary judgment motion. Neolpharma's second motion to seal comes closer to explaining how it will suffer harm from public disclosure of certain documents. It uses all the right words. But talismanic words alone are not enough to satisfy the heavy burden of sealing judicial records from public view. Because Neolpharma once again failed to carry its burden, the Court will deny its motion.

## I.    BACKGROUND

On March 26, 2021, Neolpharma filed a summary judgment motion. With it, Neolpharma also filed a motion for leave to file under seal Exhibits E, G, and H to its summary judgment motion. On March 31, 2021, the Court denied that motion and issued a memorandum explaining that the "party seeking to file material under seal

must pay careful attention and make a specific, detailed showing about the harm that would result from disclosure." (ECF No. 36 at 4-5.)

Neolpharma then filed this motion to seal Exhibits G and H, which are an interim and final distribution agreement between Neolpharma and its distributor, Lanett Co., Inc. Neolpharma designated the agreements "Highly Confidential—Attorney's Eyes Only" during discovery, and each agreement includes a confidentiality provision. Additionally, both agreements contain financial terms and exclusivity provisions.

## II. ANALYSIS

Because the present Motion to Seal concerns the same documents as Neolpharma's previous motion, the Court will treat it as a motion for reconsideration. A court may reconsider a prior ruling if the moving party shows (1) an intervening change in the controlling law, (2) the availability of new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Romero v. Allstate Ins. Co.*, 1 F. Supp.3d 319, 420 (E.D. Pa. 2014). Courts should grant reconsideration "sparingly." *Id.* A motion for reconsideration may not be used to give a litigant a "second bite at the apple" on an argument on which it did not prevail the first time. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). "Whatever other circumstances may justify reconsideration, mere presentation of arguments or evidence *seriatim* does not." *Id*.

Neolpharma's motion does not point to an intervening change in controlling law, any new evidence, or a manifest injustice. It does not, for example, identify an error of law in the Court's decision or point to a controlling statute or case that the

Court overlooked. Nor does it identify an error of fact in the Court's decision as it does not point to facts that the record establishes that the Court overlooked. It also does not identify any new evidence that was not available when the Court issued its original Order.

Neolpharma's motion just adds facts that were available to it when it first filed the motion to seal. For example, Neolpharma obtained an affidavit of Mr. Monrouzeau after the Court ruled on the motion to seal. Nothing prevented Neolpharma from obtaining Mr. Monrouzeau's declaration before the Court ruled. But instead, Neolpharma got that declaration to respond to the Court's ruling. That's not how litigation works. Neolpharma had the burden to show that its interest in secrecy outweighs the common law presumption that the public has a right of access to judicial materials. *See In re Avandia Marketing, Sales Practices and Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Neolpharma did not make the requisite showing the first time around, and it does not get a second bite at the apple with the benefit of having the Court's analysis.

But even if the Court were to consider the present motion to seal on its merits, Neolpharma fails to demonstrate that its interest in maintaining the secrecy in the two documents outweighs the public's fundamental right to access public records. To overcome the common law presumption, a movant must show that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See In re Avandia Marketing*, 924 F.3d at 672. Under Third Circuit law, a party seeking to file material under seal must make a specific showing. "Broad allegations of harm, bereft of specific examples

or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

Neolpharma asserts that Exhibits G and H contain confidential financial terms that would allow its competitors to unfairly compete against it in the marketplace. Pricing information is the type of information that courts will protect, if its disclosure would cause harm. But Neolpharma's motion does not establish such a harm. It claims that its "competitors would be able to use their knowledge of these terms to undercut [Neolpharma's] pricing and unfairly compete . . . in the marketplace." (ECF No. 38 at 2.) The disclosure of pricing information might cause that harm in some cases, but a closer read of the information Neolpharma seeks to file under seal does not support its assertion about this information.

Exhibit G is a Distribution Agreement that sets the terms for Lannett to become the exclusive distributor for certain products beginning sometime in the future, but not later than August 1, 2022. Exhibit H is an Interim Distribution Agreement that sets the terms for Lannett to take over the exclusive distribution of the same products if Neolpharama terminated its then-current distribution contract. Because both contracts require Lannett to distribute Neolpharma's products and establish an exclusive relationship, there is no obvious harm that would occur if a competitor knew the pricing terms. Neolpharama's bold assertion that competitors might use the information does not answer that question. It therefore does not suffice to carry the heavy burden needed to seal judicial records.

**III.    CONCLUSION**

Parties seeking to place business records under seal have to make a specific showing of harm, and the documents have to support those arguments.  And, they have to do it the first time around, not on a try-try-again basis. Neolpharma's motion fails those standards, so the Court will deny it.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge

April 21, 2021